(dissenting). I dissent and vote to affirm. After the first period of delay in arraignment, occasioned by the defendant’s having been taken into custody to serve an uncompleted Federal term and a subsequent indictment for escape from Federal custody, defendant appeared without counsel and declined the court’s offer of assignment of counsel.
During the nearly six-month period following, and before he ever asserted a violation- of his right to a speedy trial, he and his counsel made no less than six requests for adjournments, one being for a month to allow his counsel a visit to California. During this same period not a single request for adjournment was made by the District Attorney. Further delays were occa *390 sioned by defendant’s refusal to plead, additional requests for time and various motions, including challenges to the indictments and for inspection of the Grand Jury minutes. Thus there was abundant evidence of waiver during the period when the District Attorney had made it clear that he wished the case to go to trial. On January 7, 1958 defendant pleaded guilty under the first count of the indictment to the crime of attempted robbery in the third degree, said plea to cover all 10 counts, which had charged him with first degree robbery of separate individuals, first degree grand larceny, first and second degree assault, and criminally possessing a pistol after a prior conviction.
In People v. Prosser (309 N. Y. 353 [1955]), where the fact pattern was altogether different, and ‘1 the defendant had no reason to believe that the remaining indictments would ever be tried ’ ’, we stated that the 11 inquiry in each case is factual and, like the question whether there has been undue delay, depends ‘ upon the circumstances of each particular case.’ (People v. Hall, supra, 51 App. Div. 57, 62.) In this case, not only was there never an application for a postponement in court or upon notice to the defendant, but there was absent even an awareness that the prosecution was being kept alive or that a trial would eventually be had * * *, ivithout which there could be no factual basis for inferring consent or waiver.” (P. 360; emphasis supplied.)
Upon the record in this case, which contained ample “ factual basis for inferring consent or waiver ” with respect to the preceding delay in arraignment, the trial court and a unanimous Appellate Division decided this “factual” issue against the defendant. Not only am I in agreement with that determination, but feel that under the circumstances of this case we are bound by their findings just as we are with respect to any other finding of fact based on substantial evidence.
The judgment should be affirmed.
Chief Judge Desmond and Judges Fuld, Van Voorhis, Burke and Foster concur with Judge Dye; Judge Froessel dissents in a separate opinion.
Judgment reversed, etc.